## PROVIDENCE.

PETITION OF CHARLES A. WHEELOCK *et al.* for an Opinion of the Court.

Only insolvent debtors who are residents of Rhode Island are within the provisions of Pub. Stat. R. I. cap. 237, of proceedings in insolvency.

A general assignment for the equal benefit of their creditors, executed by the members of a copartnership carrying on business in Rhode Island, one member of which was a resident of Rhode Island and the other a resident of Massachusetts, does not, under Pub. Stat. R. I. cap. 237, dissolve an attachment on the property of the firm.

CASE STATED for an opinion of the court under the Judiciary Act, cap. 20, § 24.

George O. Johnson, a resident of Rhode Island, and Daniel A. White, a resident of Massachusetts, carried on business in Rhode Island, as copartners, under the name of George O. Johnson & Co. The partnership property having been attached at the suit of James Rothwell & Co., creditors of George O. Johnson & Co., Johnson & White, individually and as copartners, executed an assignment of all their property to Charles A. Wheelock, for the benefit of

---

their creditors. The assignee and the attaching creditors concur in a statement of the facts, and petition the court for an opinion as to whether the assignment operated to dissolve the attachment.

*January* 29, 1894.    PER CURIAM.    We are of the opinion that the assignment by George O. Johnson and Daniel A. White, as set forth in the petition, was ineffectual to dissolve the attachment on the property of the firm of George O. Johnson & Co. by James Rothwell & Co.    Pub. Stat. R. I. cap. 237, seems to contemplate as within its provisions only insolvents who are residents of the State.    In *Phillips* v. *Newton*, 12 R. I. 489, it was held that under Pub. Laws R. I. cap. 723, of which cap. 237, §§ 11–15, 17, 19–21 are a reënactment, that this court had no jurisdiction to appoint a receiver of the estate of an insolvent debtor unless at the time of filing the petition the debtor was a resident of the State. Again, § 12 makes it necessary to the dissolution of an attachment that the assignment, according to its provisions, shall be recorded in the records of the town or city where the assignor resides, or where his real estate is situated.    *Alves* v. *Barber*, 17 R. I. 712.    A compliance with this requirement, so far as the non-resident partner, White, is concerned, is impossible.

*Adoniram J. Cushing*, for Charles A. Wheelock.
*Edward D. Bassett & Edward L. Mitchell*, contra.